## C. S. McCormick, Appt., *v.* William Allen.

Where, on the payment of the proceeds of a sale of a debtor's real estate by the sheriff, into court for distribution, it appeared that a surety for the debtor had, to protect himself, paid a judgment against the debtor, which was a lien on the property sold, and had become the equitable owner of such judgment, under an agreement between him and the debtor requiring the performance of mutual and interdependent conditions, one of which was that the debtor should pay a certain sum on a subsequent judgment lien on which said surety was also liable, and the debtor had failed to perform such condition,—*Held*, that such failure on the part of the debtor relieved the surety in equity from his satisfaction of the prior judgment and entitled such judgment to retain its priority as against a subsequent lien held by a third party, and to have applied on it (at least to the extent of the said sum the debtor had agreed to pay) the money deposited in court.

(Argued April 19, 1888.  Decided May 14, 1888.)

January Term, 1888, No. 156, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ.  Appeal from a decree of the Common Pleas of Clearfield County on the distribution of money arising from a sale by the sheriff of real estate of a defendant in lev. fa. sur mechanics' lien, May term, 1887, No. 286.  Affirmed.

On payment of the money into court, S. V. Wilson, Esq., was appointed auditor to make distribution thereof.  He reported that after the payment of expenses the sum for distribution amounted to $184.10, of which he appropriated $24.70 to the costs, and the balance, $159.40, to the debt, on a judgment for $525, debt, and $24.70, costs, No. 292, September term, 1886, in favor of William Allen.

To this appropriation, C. S. McCormick, the holder of a judgment lien subsequent in date to the judgment on which the money was applied, excepted; which exception was overruled by the court, KREBS, P. J., in the following opinion:

Moneys arising from the sale of property by the sheriff, where disputes arise concerning the distribution thereof, shall be distributed according to the legal and equitable rights of the parties. Act of June 16, 1836, § 86 (P. L. 777). At the time the sale from which the proceeds arise in this case, was made, William Allen, the claimant, was surety on three judgments for J. H. Bierly, the defendant in the executions. Of these judgments Nos. 291 and 292, September term, 1886, were prior liens to those of C. S. McCormick, and judgment 318, December term, 1886, was a subsequent lien.

William Allen was obliged to pay these judgments in order to prevent a sale of his own property; and it is admitted that he was the equitable owner thereof, that is of 291 and 292, September term, 1886, when the agreement of February 10, 1887* was entered into. By its terms he agreed that the moneys owing by him to J. H. Bierly should be applied to the payment and satisfaction of these two judgments, and that J. H. Bierly should pay $176.82 on judgment No. 318, December term, 1886. The contract was a settlement of the disputes between them,

---

*This agreement is as follows [Ed.]:

Whereas, judgments are entered in the court of common pleas for Clearfield county in favor of C. McEntire one to use of Hammer & Kuntz, to No. 292, September term, 1886, the debt, interest, and costs of which are now $583.60, and another in favor of C. McEntire, now for use of William Allen, to No. 291, September term, 1886, the debt and costs of which are $505.92, and one other in favor of Landis & Company against William Allen, to No. 318, December term, 1886, the debt, interest, and costs of which are $284.27, making a sum of $1,323.82, on all of which papers said William Allen is surety for J. H. Bierly; and whereas, there is due J. H. Bierly from the books of said William Allen the sum of $1,147, leaving a difference of $176.82. Now, it is hereby agreed that the said J. H. Bierly shall pay to the said Landis & Company the said difference of $176.82, and that the said William Allen shall satisfy the said judgment, No. 291, September term, 1886, and shall pay the debt, interest, and costs of said judgment No. 292, September term, 1886, except att'y. com., as well as $107.42, the balance of debt, interest, and costs of said judgment No. 318, December term, 1886, and that thereby the book account of J. H. Bierly against William Allen of $1,147 shall be considered settled and paid. This entered into by the undersigned this 10th day of February, 1887, by C. S. McCormick, as attorney for J. H. Bierly, and A. L. Cole, as attorney for said William Allen, by their direction and consent.

C. S. McCormick,
Att'y for J. H. Bierly,
A. L. Cole,
Att'y for Wm. Allen.

and, to be of force, required the performance of the mutual and interdependent covenants contained therein. At the time when the deed was offered for acknowledgment, under the lien creditors' act of 1846, it was agreed that enough money should be paid into court to await the distribution under the dispute between the parties, arising under the agreement of February 10, 1887, so that the deed might be at once acknowledged, and not await the determination of the exceptions to the sheriff's return, as would otherwise have been required under the act of 1846, *supra.*

Now, then, it is admitted that J. H. Bierly has not at any time performed his part of the agreement of February 10, 1887; and it is claimed by Allen that this failure relieves him in equity from the satisfaction of judgment No. 292, at least to the extent of $176.82 which Bierly was to pay on judgment No. 318, December term, 1886, and which he did not pay, but which Allen was compelled to pay at the end of an execution, with interest and costs.

I think this is only a just and equitable demand and certainly can be enforced between the parties to the agreement, unless Mr. McCormick is injuriously affected thereby. But under the view I take of the contract, Mr. Bierly having failed to perform his part, Mr. Allen would be released from his part of agreeing to satisfy these judgments, and the appropriation of the money now to No. 318, December term, 1886, which Bierly agreed to, will enforce the contract and will benefit instead of injuring Mr. McCormick.

I therefore overrule the exception to the auditor's report and confirm the same.

A decree having been entered in accordance with the auditor's report, C. S. McCormick appealed, assigning as error, the overruling of his exceptions and the distribution of the money as made.

*McEnalley & McCurdy* for appellant.

*A. L. Cole* for appellee.

PER CURIAM:
As the opinion of the learned judge of the court below fully

and clearly disposes of the equities of this case, we are not dis-
posed to reverse or revise it, or the decree resulting from it.

Decree affirmed and appeal dismissed, at costs of appellant.